UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

MAKAU NZOMO,

        Plaintiff,

    -v-                              No.  10 Civ. 8530 (LTS)(JLC)

NEW YORK CITY,

        Defendant.

------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

        Pro se Plaintiff Makau Nzomo ("Plaintiff") brings this action pursuant to 42 U.S.C

§ 1983 against Defendant New York City ("Defendant") alleging violations of his First, Fourth,

Fifth, and Fourteenth Amendment rights under the United States Constitution.   Defendant has

moved pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint

for failure to state a claim upon which relief can be granted.  The Court has thoroughly reviewed

the parties' submissions and, for the reasons set forth below, Defendant's motion to dismiss the

Complaint is granted.

### BACKGROUND

        Plaintiff alleges that on November 3, 2007, several New York City Police

("NYPD") Officers ("officers") – identified in the body of the Complaint by name and title –

entered and searched his residence without a warrant.  (Compl. ¶ III.C.)  While inside his residence,

the Officers "conducted a thorough search of the premises including kicking down locked doors."

(Id.)  Plaintiff was subsequently arrested, but the charges, which are unspecified in the Complaint,

were dismissed in state court.  (Id.)  The Complaint alleges that the warrantless search and arrest

Copies mailed/faxed to *Plaintiff*
Chambers of Judge Swain *6-1-2012*

was the culmination of months of harassment by these Officers, and that Plaintiff had reported the incidents of harassment to the Fifth Precinct, the New York City Police Department Internal Affairs Department, the Manhattan District Attorney's Office, and the Federal Bureau of Investigation "to no avail." (Id.)

Defendant now moves to dismiss on the grounds that Plaintiff fails to allege adequately that his injuries were traceable to a municipal "policy or custom."

DISCUSSION

In deciding a Rule 12(b)(6) motion, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. In the case of a pro se litigant, the Court reads pleadings leniently and construes them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). However, the pleadings must still contain factual allegations that raise a "right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

Under 42 U.S.C. § 1983, a municipality cannot be held liable for the acts of its employees on a theory of respondeat superior. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, to "hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v.

City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citing Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).  A Plaintiff may satisfy the "policy or custom" prong by showing that the municipality was "deliberately indifferent" to the need for better training or supervision.  See City of Canton v. Harris, 489 U.S. 378, 390 (1989) (deliberate indifference requires a showing that the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need").  "Deliberate indifference may be inferred if . . . [repeated complaints of civil rights violations] are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents."  Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995).

Plaintiff alleges only that he complained of repeated police harassment to municipal officials "to no avail."  The Complaint does not proffer any factual details about the circumstances surrounding those complaints – e.g., the nature of the prior incidents, the substance of his complaints, when the complaints were made, and what, if any, response Plaintiff received.  The Complaint does not allege facts sufficient to support the inference that Plaintiff notified municipal authorities of actual civil rights abuses or that municipal officials made "no meaningful attempt" to investigate or otherwise appropriately respond.  As such, the Complaint fails to state a claim of municipal liability.

Accordingly, the Complaint will be dismissed without prejudice.  Plaintiff will be granted leave to file an amended complaint alleging facts concerning the nature of the prior episodes of harassment, the substance of his complaints to municipal authorities, when those complaints were made, and what, if any, response he received.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss the Complaint is granted without prejudice.  Plaintiff is granted leave to file an amended complaint.  The amended complaint must be served on Defendant and filed with the Court no later than June 30, 2012.  The Amended Complaint will completely replace the original complaint, so all relevant information and continuing claims must be included in the Amended Complaint.  Failure to timely file such an amended pleading may result in dismissal with prejudice and without further advance notice.  This Order resolves docket entry no. 22.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Dated: New York, New York
      May 31, 2012

                                              LAURA TAYLOR SWAIN
                                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

AMENDED
**COMPLAINT**


Jury Trial:   ☐ Yes      ☐ No
                    (check one)

**I.**    **Parties in this complaint:**

A.    List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

B.    List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____
                      Street Address _____

*Rev. 05/2010*

County, City _____

State & Zip Code _____

Telephone Number _____

**Defendant No. 2**     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

**Defendant No. 3**     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

**Defendant No. 4**     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____.

## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

## III.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____

_____

C.    Facts: _____

| What happened to you? |

_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____
_____

| Who else saw what happened? |

_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment,    if    any,    you    required    and    received. _____
_____
_____
_____
_____
_____
_____
_____

*Rev. 05/2010*

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address           _____

                          _____

                          _____

Telephone Number          _____

Fax Number *(if you have one)*  _____

**Note:**   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number              _____

*Rev. 05/2010*