USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAKAU NZOMO,                            :        **REPORT AND**
                                        :        **RECOMMENDATION**
                                        :
                  Plaintiff,            :        10 Civ. 8530 (RA) (JLC)
                                        :
         -v-                            :
                                        :
OFFICER WHEELER, *et al.*,[1]           :
                                        :
                  Defendants.           :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Ronnie Abrams, United States District Judge:**

On November 2, 2010, *pro se* plaintiff Makau Nzomo filed a complaint in this civil rights

action brought under 42 U.S.C. § 1983. (Dkt. No. 2). By Order of Reference dated December

21, 2010, Judge Swain referred this case to me for general pre-trial supervision. (Dkt. No. 6).

On June 29, 2012, Nzomo filed an amended complaint. (Dkt. No. 31). Both the original and

amended complaints brought claims solely against Defendant New York City. (*See* Dkt. Nos. 2

& 31). On July 13, 2012, this case was reassigned to Judge Abrams. (Dkt. No. 32). On January

30, 2013, Judge Abrams granted Defendant New York City's motion to dismiss the amended

complaint with prejudice, and directed that Nzomo amend the caption of his amended complaint

to add Officer Wheeler, Officer Lang, Officer Famiano, and Sergeant Crimitz as Defendants.

(Dkt. No. 42). Nzomo filed his second amended complaint naming these Defendants on March

1, 2013. (Dkt. No. 43).

------

[1] Although the original caption listed the defendants as "New York City, *et al.*," the caption has
been revised due to the fact that the City of New York is no longer a defendant in this action.
(*See* Dkt. Nos. 42 & 45).

I issued an Order of Service on March 5, 2013, directing that the Clerk of Court issue an amended summons and that the Pro Se Office send Nzomo a Rule 4 Service Package. (Dkt. No. 44). I further directed that Nzomo serve the amended summons and second amended complaint on the named Defendants within 120 days. (*Id.*) Accordingly, on March 5, Nzomo was mailed a Rule 4 Service Package, which included a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") with instructions to return the form within 30 days so that the U.S. Marshals could complete service on Nzomo's behalf.

On July 9, 2013, having heard nothing from Nzomo and having received no indication that Defendants had been served with process, I issued an Order advising Nzomo that he had not returned his USM-285 form nor filed proof of service of the second amended complaint, and that both the 30-day period to return the USM-285 form and the 120-day period to serve the defendants under Rule 4(m) of the Federal Rules of Civil Procedure had expired. (Dkt. No. 46). I directed Nzomo to return his USM-285 form, contact the Clerk's Office to make alternative arrangements for service, or otherwise demonstrate proof of service of the second amended complaint no later than August 9, 2013. (*Id.*) I explicitly warned Nzomo that failure to serve the second amended complaint could result in dismissal of his case with prejudice (unless he made an application in writing to extend the time for service, which he has not). (*Id.*) My chambers mailed a copy of this Order to the address on file for Nzomo. To date, Nzomo has not filed proof of service of the summons and second amended complaint with the Clerk of Court, requested an extension for service, or provided the Court with good cause for his failure to do so.

2

A plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for failure to prosecute. *See, e.g., Harding v. Goord*, 135 Fed. Appx. 488, 488 (2d Cir. 2005) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*."); *see also United States ex rel. Pervez v. Maimonides Med. Ctr.*, 415 Fed. Appx. 316, 317 (2d Cir. 2011) ("An action may be subject to dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff has allowed the action to lie dormant without any significant activity. . . ." (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982))); *Brown v. New York Univ.*, No. 12 Civ. 1639 (GBD) (KNF), 2013 WL 433539, at *1 (S.D.N.Y. Feb.1, 2013) (Rule 41(b) "authorizes a district court to dismiss an action for failure to prosecute" where plaintiff neither serves the defendant, files proof of service, or demonstrates good cause for failure to serve.). Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply . . . with a court order . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). While the text of the Rule only addresses cases in which a defendant moves for dismissal of an action, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *La Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, "[a] plaintiff's lack of diligence alone is enough for dismissal." *Zapata v. Isabella Geriatric Ctr.*, No. 12 Civ. 00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013) (citing *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990)), Report and Recommendation, *adopted by* 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013).

3

"While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." *Qiaosun Wu v. BTL Int'l Co.*, No. 11 Civ. 1202 (PAE) (GWG), 2012 U.S. Dist. LEXIS 125303, at *5 (S.D.N.Y. Apr. 12, 2012) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) and *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), Report & Recommendation, *adopted by* 2012 U.S. Dist. LEXIS 125347 (S.D.N.Y. Sept. 4, 2012).[2] Here, Nzomo was twice notified of his obligation to effectuate timely service (in March and again in July) and cautioned that failure to do so would result in the dismissal of his action for failure to prosecute. While Nzomo appeared interested in pursuing his case at one time, he "has still not taken even the most basic steps necessary" to advance his second amended complaint, nor has he "offered the Court any reason at all why service could not be accomplished within the time limits provided by Rule 4(m) and then extended *sua sponte* by the Court." *Zapata*, 2013 WL 1762900, at *1. Accordingly, I recommend that Nzomo's complaint be dismissed with prejudice for failure to prosecute.

Although dismissal with prejudice may be a harsh sanction, dismissing this case without prejudice would serve little purpose. *See Rogers v. Villafane*, No. 12 Civ. 3042 (CBA) (MDG), 2013 WL 3863914, at *2-3 (E.D.N.Y. July 24, 2013). *Cf. Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 Fed. Appx. 663, 665-66 (2d Cir. 2010) (internal citations omitted).

---

[2] In the Second Circuit, those factors are: (1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions. *See, e.g., Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

As I explicitly stated in my July 9 Order:

> While dismissal without prejudice would usually be an appropriate sanction, *see, e.g., Torres v. Yonkers Police Department*, No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011), "dismissal without prejudice would not produce a more just result as [Nzomo] would be time-barred from re-filing [,]" *Maersk Line v. Phoenix Agro–Industrial Corp.*, No. 07 Civ. 3169 (SJF) (JMA), 2009 WL 1505281, at *5 (E.D.N.Y. May 27, 2009), given that his allegations brought pursuant to 42 U.S.C. § 1983 against Defendants Wheeler, Lang, Famiano, and Crimitz for violations of his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution stem from allegations of officer harassment in 2006 and 2007, as well as a search of Nzomo's residence on November 3, 2007. Nzomo's claims are subject to a three-year statute of limitations pursuant to New York State's personal injury statute, N.Y. C.P.L.R. § 214(5). *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (applying personal injury statute of limitations under state law to § 1983 claim) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)); *Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) ("The applicable statute of limitations for a § 1983 action arising in New York State is three years."). Accordingly, as Nzomo's second amended complaint naming these defendants was not filed until March 1, 2013, his claims for actions occurring in 2006 and 2007 would otherwise be time-barred in a newly-filed action.

Order, dated July 9, 2013, Dkt. No. 46.

Therefore, for the reasons set forth above, I respectfully recommend that Nzomo's complaint be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b).

5

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Ronnie Abrams and the undersigned, United States Courthouse, 500 Pearl Street, New York,

New York, 10007. Any requests for an extension of time for filing objections must be directed

to Judge Abrams. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE**

**APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Wagner & Wagner,*

*LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir.

2010) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) and *Mario v. P&C Food Mkts.,*

*Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Nzomo

does not have access to cases cited herein that are reported on LEXIS/WESTLAW, he should

request copies from Defendants' counsel. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009)

(noting that the Court may ask opposing counsel to provide to a *pro se* litigant copies of

decisions that are available electronically).

Dated: New York, New York
      September 3, 2013

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to the following:**

Makau Nzomo
C/O David Levene
155 West 68th Street
New York, NY 10023